(January 12, 1955.)

∎

In the Matter of GERALD MARSHALL, as Administrator of the Estate of SOPHIA MARSHALL, Deceased, Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

*Per Curiam.* Petitioner-respondent's application for a renewal of his restaurant liquor license has been disapproved by the State Liquor Authority on the ground that the premises were not operated as a bona fide restaurant, in that they were not used and kept open for the servicing of meals as defined by the Alcoholic Beverage Control Law (§ 3, subd. 27), and that "food sales are low."

Inasmuch as the new matter set forth in appellant's answer has not been controverted by a reply, the same must be deemed admitted (Civ. Prac. Act, § 1292). From these uncontroverted allegations of the answer it appears: that adequate and proper warning was given to the respondent, that investigators had twice visited the premises during the noon lunch hour, on February 13, 1953, and on June 10, 1953, and on those occasions found only one patron who was served with food. Respondent's books disclosed that for the period covered by the months of February, March and April, 1952, food sales amounted to $459.72, and during the same period beverage sales were $6,833.19; that during the months of March, April, May and June, 1953, food sales amounted to $408.27 and bar sales to $9,912.63. Factual analysis shows the ratio of food sales to alcoholic beverage sales to be about 5%. While there appears to be no statutory provision or rule requiring any definite or mandatory ratio between food and beverage sales, we feel that the negligible amount of food sales as shown by the above figures, affords reasonable grounds for supporting the Authority's disapproval of the renewal application. (See *Matter of Fernandez* v. *State Liq. Auth.,* 306 N. Y. 600.) We find that the Authority in making its determination that the respondent had ceased to operate a bona fide restaurant acted neither arbitrarily nor unreasonably.

· The order appealed from should be reversed and the determination of the New York Liquor Authority confirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and determination confirmed, without costs.