Peter M. Daly, J.
This article 78 proceeding is to compel the corporate respondent (hereinafter referred to as “ Coco-line ”) and Samuel Klein, as its president, to submit for inspection and examination by the petitioner, his counsel and a public certified accountant to be selected by him ‘ ‘ all and singular its books of account, records, papers, contracts, correspondence and vouchers, stub check books and cancelled check vouchers of each and every bank account maintained by it, and copies of all tax returns filed, all pertaining to the last six (6) fiscal years of Cocoline’s business as well as to the business done by it from October 1, 1954 to the present ”.
When the order to show cause initiating this proceeding was signed on December 16, 1954, petitioner was a director of Cocoline. Accordingly, his application was granted from the bench, immediately after oral argument on December 20, 1954 at about 12:30 p.m., but no order was signed at that time. Later the same day, however, he failed of re-election to his position as director at a special meeting of stockholders called for that day on December 10, 1954. A subsequent rehearing on the supplemental answer interposed by the respondents, pursuant to permission, resulted in Special Term’s adherence to its original determination, notwithstanding that petitioner no longer was a director of Cocoline. The final order, dated January 18, 1955, directing the inspection sought as aforesaid, was unanimously affirmed by the Appellate Division (285 App. Div. 963), but was reversed by the Court of Appeals on July 8, *722 1955, which remitted the matter to Special Term for further proceedings in accordance with its opinion (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119).
The entire bench of the Court of Appeals voted to reverse since petitioner was no longer a director of Cocoline. The majority of the court held, however, that a former director may have a qualified right of inspection covering a period of his directorship “whenever in the discretion of the trial court he can make a proper showing by appropriate evidence that such inspection is necessary to protect his personal responsibility interest as well as the interest of the stockholders ” (p. 124) and that in any event, the papers submitted raised triable issues of fact as to the purpose for which petitioner sought inspection which could be resolved only after a hearing (p. 125).
Petitioner claims in his brief that he should be granted the inspection which the majority of the Court of Appeals held the trial court may grant in discretion because he has shown by appropriate evidence adduced at the trial that Klein: (a) “improperly and illegally drew $25,000. salary as president of Cocoline Products, Inc. for at least the five fiscal years, 1950 to 1954 inclusive”; (b) “surreptitiously received payments from Loft Candy Corporation from 1942 to 1946 for favoring that corporation in the sales of Cocoline’s products during the period when prices and sales quotas, were controlled”; (c) “improperly expended the monies of Cocoline Products, Inc. to purchase an automobile for his personal use ”; and (d) “ that the petition should be granted in the interests of stockholders to determine why in the face of annual substantial gross profits there has never been a declaration of dividends on the common stock”.
The court is of the opinion, however, that petitioner, who is neither a stockholder nor a director of Cocoline, has not established to this court’s satisfaction that he should be accorded the qualified right to inspect the corporate books and records covering the period of his directorship within the meaning and intent of the majority opinion of the Court of Appeals. That opinion did not state, as claimed by petitioner, that a former director may have such right of inspection without a satisfactory showing in the first instance that it is necessary to protect any personal responsibility interest during his stewardship, provided he shows the existence of derelictions by other directors or officers which an inspection would disclose and develop in the interest of the stockholders. A fair reading of the majority opinion, as a whole, leads this court to the conclusion *723 that the right of inspection may be granted to a former director only in a situation where he first makes an appropriate showing that he has been charged or may reasonably be charged with some act or failure to act during his incumbency for which he may be held personally responsible. If the protection of an inspection is accorded to him on that basis, the court noted that then, as an incident thereof, derelictions may be uncovered not necessarily bearing upon any possible charge against the former director but for which others may be liable which “ could very well inure to the benefit of the stockholders by a disclosure [thereof] to them.” This interpretation is fortified by the opinion of the Court of Appeals itself, where it states at page 124: “While his duty to the corporation and to the stockholders ceases upon termination of his office, he may still have a personal responsibility interest to safeguard, the protection of which could very well inure to the benefit of the stockholders by a disclosure to them of any derelictions by other directors or officers. And this is more likely in the case, as here, of a director of long service who unexpectedly fails of re-election just at a time when he was about to undertake an investigation in his capacity as director.”
To hold, as urged by petitioner, that a former director may have the right of inspection merely upon a showing that others in the corporate family may be culpable for conduct in their official capacity, without first showing that he, himself, has a personal responsibility interest to protect, would be contrary not only to the holding of the Court of Appeals in this very case, but would give a broad discovery and inspection of corporate books and records in the absence of a derivative action, to a person who has no right to bring such an action and who no longer has any connection with the corporation except that his wife is a minority stockholder thereof.
Although some 40 months had elapsed between the commencement of this proceeding and the trial of the issues therein pursuant to the opinion of the Court of Appeals, no one has sued or otherwise called into question petitioner’s conduct during his incumbency as director or the conduct of any other member of the board or of the officers of Cocoline during that period, nor has anyone intimated, much less threatened to do so. Indeed both in his petition and testimony, the petitioner has ascribed alleged misconduct against the corporate interest solely to respondent Klein, the corporation’s president, without his, petitioner’s knowledge or participation and from which he derived no benefit, pecuniary or otherwise.
*724 Inasmuch as this is not a derivative stockholder’s action, this court is not called upon to decide Klein’s culpability with respect to any or all of the matters concerning which evidence was adduced at the trial. In any event, it is extremely doubtful that petitioner, personally, could be held responsible for Klein’s alleged wrongdoing. (See, e.g., Carr v. Kimball, 153 App. Div. 825, affd. 215 N. Y. 634; Bosenfeld v. Fairchild Engine & Airplane Corp., 284 App. Div. 201, 208, affd. 309 N. Y. 168.) Moreover, petitioner ceased to be a director on December 20, 1954. Consequently the three-year Statute of Limitations would bar any recovery against him for the alleged wrongdoing he attributed to Klein, without his, petitioner’s knowledge, his participation therein and without his having benefited therefrom in any way. (Kalmanash v. Smith, 291 N. Y. 142,158-159; Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287, 300-301; 2 Carmody-Wait, New York Practice, § 76, pp. 254r-256.)
Upon the whole record then, this court finds no satisfactory or convincing proof that any basis exists for a reasonable probability that this petitioner has or might have a “ personal responsibility interest ” to protect during1 his stewardship, so as to warrant the exercise of judicial discretion to grant him the inspection he seeks. In addition, this court believes that what precipitated this bitter litigation, is a disagreement concerning petitioner’s remuneration as corporate counsel. He was understandably disappointed when his annual retainer was substantially reduced after long years of service and another attorney, Klein’s son-in-law, was brought into the corporate family. Finally, at a directors’ meeting held on December 10, 1954, petitioner concededly said on the record to and of Klein: “ I am talking loud enough for the stenographer to hear, and he is on the other side of you. I just want to point out to him that 15 years ago he was flat on his back. I hope to be able to put bim back in the same position.”
Bad faith may not be ascribed to petitioner in bringing this proceeding when still a director as his right of inspection then was absolute, regardless of motive. His purpose in pursuing it after he ceased to be a director, however, was motivated not by a genuine belief that he had a personal responsibility interest to protect, but by an intense desire to expose respondent Klein. The foregoing view is amply supported by the nature of his proof at the trial and the facts admitted by his failure to reply to the affirmative defenses asserted in the answer. (Matter of Hines v. La Guardia, 293 N. Y. 207, 216; Matter of Marshall v. O’Connell, 285 App. Div. 855.)
*725 For all of the reasons stated above, the application is denied and a final order is directed dismissing the petition upon the merits. All motions to strike testimony from the record are denied with appropriate exceptions to the respondents.
Settle final order on two days’ notice.