David Kusnetz, J.
The Town Board of the Town of Huntington, Suffolk County, seeks to review and annul the determination made by the Zoning Board of Appeals of said town, *211 filed with the town clerk on April 8, 1957, which directed the building inspector of said town and other officials having jurisdiction to accept and process the application of the respondent Cicorelli for permission to erect garden apartments in the said town, pursuant to the ordinance in effect prior to its amendment.
There is no question that under the Building Zone Ordinance of the Town of Huntington, prior to its amendment, effective October 4, 1956, it was permissible to erect garden apartments in a Residence E district, where the property owned by respondent Cicorelli and his associates is located, subject to certain density limitations, and that such permissible use was eliminated by the amendment of the zoning ordinance passed at the meeting of the petitioner, held on September 18, 1956.
However, according to the findings of the respondent Zoning Board, set forth in the minutes of its meeting held on March 29, 1957, the substance of which is embodied in the second defense asserted in the answers, the respondent Cicorelli, referred to in said findings as the appellant, ‘ ‘ purchased the property more than a year prior to the enactment of the amendment in question. He paid a premium for the land, in excess of the price usually brought by land zoned Residence E. He invested substantial monies for surveying and architectural and engineering services in connection with the development of the land. Appellant began to seek a building permit in June, 1956, through the office of the Building Inspector. The Inspector told the appellant to take the plans to the Planning Board and obtain its approval. Completed forms, and other requested plans and papers were delivered to the Secretary-Consultant in August, 1956. He was told that the Planning Board had approved all of the papers and these papers would have to go to the Town Engineer. Building Inspector testified, as well as the Deputy Town Attorney, that they were cognizant of a directive issued July 19, 1956, quote: ‘We would not issue any more two family houses or garden apartments \ The amendment to the Zoning Ordinance was not effective until October 4th, 1956. The Board is of the opinion that the Building Inspector and various other officials involved in this matter did not handle the request for a permit with proper diligence. The Board also notes that neither the Deputy Town Attorney nor the Building Inspector contested the appeal of Tuchas Realty (#1833) which also was an appeal for a multiple family dwelling. This appeal was held January 4th, 1957, and the Building Department was notified in the usual manner, and public notice was published as required. The Board also *212 received letters from adjoining property owners in opposition to the granting of the appeal for many reasons. The question before the Board is only, did the Building Inspector and other officials involved act within the ordinance and the law. As a road is proposed, the Planning Board will probably hold a hearing at which time the neighbors could be heard. The Board is of the opinion that the Inspector and other officials involved should accept and process the application pursuant to the ordinance in effect prior to its amendment. We are of the opinion that this action is to the best interest and general welfare of the Town of Huntington.”
The respondents contend that upon the basis of the foregoing a building permit to erect garden apartments, under the ordinance as it existed prior to its amendment, was withheld in bad faith for the sole purpose of preventing the acquisition of vested rights by the respondent Cicorelli and his associates, and that, in any event, neither the petitioner, the Town Board of Huntington, nor the individual members thereof, are “aggrieved persons” within the meaning of section 267 of the Town Law, which provides the exclusive procedure for reviewing decisions of a Zoning Board of Appeals.
It has been held, however, that even where a Zoning Board of Appeals of a town had jurisdiction to allow a variance, the town itself may review the board’s action under section 267 of the Town Law. (Town of Greece v. Smith, 256 App. Div. 886.) In that case, the Town of Greece brought an action for an injunction against the defendant who was erecting a building on his premises, pursuant to and in accordance with a permit granted him by the Zoning Board of Appeals of the plaintiff town upon its allowance of a variance, pursuant to section 267 of the Town Law, because it was claimed that the reconsideration by the Board of Appeals of its previous decision upon the same facts was invalid. The complaint was dismissed at the end of the plaintiff’s ease, and such dismissal was affirmed by the Appellate Division, Fourth Department, which held, however, * ‘ Assuming that the board of appeals had jurisdiction in the matter (and there is no proof that it did not have), plaintiff’s remedy — if any — was by review of the board’s action under section 267 of the Town Law. (Baddour v. City of Long Beach, 279 N. Y. 167, decided by the Court of Appeals on November 29, 1938.) The plaintiff’s complaint, therefore, was properly dismissed.” Accordingly, this court is of the opinion that the petitioner — the governing body of the Town of Huntington, no less than the town itself — was a person aggrieved by the determination of its Zoning Board of *213 Appeals and, therefore, competent to seek the review thereof under the provisions of section 267 of the Town Law.
It has been held that article 78 of the Civil Practice Act is coextensive with section 267 of the Town Law, except where the former conflicts with the latter, in which case the latter takes precedence. (Matter of Romig v. Weld, 276 App. Div. 514.) Assuming, therefore, that the petitioner’s failure to reply to the new matter, set forth in the second defense contained in the answers of the respective respondents, admitted the facts thus affirmatively alleged (Civ. Prac. Act, § 1292; Matter of Hines v. La Guardia, 293 N. Y. 207, 215; Matter of Marshall v. O’Connell, 285 App. Div. 855), this court, nevertheless, is of the opinion that the determination under review cannot stand.
Subdivision 2 of section 267 of the Town Law provides in pertinent part that the board of appeals ‘ ‘ shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article. It shall also hear and decide all matters referred to it upon which it is required to pass under any such ordinance.” Subdivision 5 empowers the board to " reverse or affirm, wholly or partly, or * * * modify the order, requirement, decision or determination appealed from ”.
Nowhere in this record is there any “ order, requirement, decision or determination ” of an administrative official which the board of appeals could ‘ ‘ reverse or affirm, wholly or partly, or * * * modify ”. Here we have merely a refusal by an administrative official to accept and process an uncompleted application for a permit to build garden apartments, for which the remedy was an application directly to the court, under article 78 of the Civil Practice Act, for an order “ to compel performance of a duty specifically enjoined by law”. (Civ. Prac. Act, § 1284; Matter of Dubow v. Ross, 254 App. Div. 706.) The respondent Zoning Board of Appeals is vested with no such power since its review is limited, as already noted, to any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to article 16 of the Town Law.
Had the building department of the Town of Huntington granted or denied an application for a permit, then the Zoning Board of Appeals would have had jurisdiction to reverse or affirm, wholly or in part, or modify that determination, subject to judicial review. To sustain the determination here chah lenged, whatever its merit, would put the stamp of judicial *214 approval upon the arrogation of power by a statutory body having limited jurisdiction.
The petition is accordingly allowed, and an order will be issued, without costs, annulling the determination of the Zoning Board of Appeals of the Town of Huntington. This disposition, however, is without prejudice to such legal proceedings in the premises as the respondent Cieorelli may be advised to pursue.
Submit order.