Edward Robinson, Jr., J.
Application for an order pursuant to article 78 of the Civil Practice Act annulling a decision of the respondents dated February 4, 1959.
The petitioner is the owner of property known as 126 Glen Cove Avenue, Glen Cove, New York. The property is located in a B-2 business zone. Since 1953, insofar as relevant, buildings in such zone (Peripheral Commercial District) should not be more than two stories in height and may be used for residential use on the upper floor, providing the ground floor is used for commercial purposes. On December 16, 1958, the Building Inspector of the city wrote to the petitioner that the premises were being used in “ violation of the Building Zone Ordinance in the following respect: using same as a three-story building in that basement story is used for commercial purposes and the next two stories for residential purposes.” The petitioner was advised to appeal within 10 days to the Board of Appeals to obtain a determination of the petitioner’s contention that the use of the premises was a lawful nonconforming use. During the course of a criminal proceeding against the petitioner the attorney for the People, who is the attorney representing the respondents herein, stipulated in writing on December 16, 1958, that the criminal proceeding would be adjourned to the last Tuesday in February, 1959 upon several conditions, one of which was that the petitioner would appeal to the Board of Appeals ‘ ‘ to determine the question of the use of said premises as to basement use, three-story character and non-conforming status.” An apeal was taken from the violation placed on the premises by the Building Inspector in which the respondents were requested to. find that the building is a legal nonconforming use in the B-2 zone and requesting permission to extend the rear porch to make “ entrance to and from the dwelling safe and proper.” The ground of the appeal was that sections 15 and 16 of the Building Zone Ordinance permitted the continuance *506 of nonconforming uses in existence before the adoption of the Zoning Ordinance. A hearing was held on January 21, 1959, at which witnesses were sworn and testimony taken. On February 4,1959, a decision was rendered denying the appeal.
The respondents contend that this application, pursuant to article 78 of the Civil Practice Act, must be denied as (1) their decision was not a final determination, (2) they had no authority to make the determination requested, and (3) that similar relief is sought from the City Council.
These contentions are without merit. Subdivision 1 of section 81 of the General City Law provides in part that a ££ board of appeals shall hear and decide appeals from and review any order, requirement, decision. or determination made by an administrative official charged with the enforcement of any ordinance ’ ’ and ‘ ‘ Every decision of such board shall, however, be subject to review as provided in article seventy-eight of the civil practice act.” Subdivision 1 of section 13 of the Revised Building Zone Ordinance for the City of Glen Cove provides, also in part, that ‘£ On appeal from an order, requirement, decision or determination made by an administrative official, or on request by any official, agency or board of the city ’ ’ the Board of Appeals may decide “ any question involving the interpretation of any provision of this Ordinance.”
In view of the aforesaid statute and ordinance, the appeal taken by the petitioner pursuant to the provisions of the ordinance, and the acquiescence by the Building Inspector and the City Attorney in a determination of the question by the Board of Appeals, the respondents had authority to determine whether the use of the premises was in violation of the ordinance.
The opinion by the late Mr. Justice Cuff in Matter of Foss v. Town of Oyster Bay (146 N. Y. S. 2d 582) reveals distinguishable facts. There, neither an appeal from a decision of an administrative official nor an application for a variance was made and it was held that section 267 of the Town Law did not authorize the respondents therein to make the determination requested.
The respondents also cite Matter of Caponi v. Walsh (228 App. Div. 86) in support of their contention that they had no authority to make the determination. That case did hold that common-law proof should be taken at Special Term to determine the issue of nonconforming status present therein, but the respondents have overlooked a later expression in the same case £ £ When the matter was remitted to Special Term on the prior appeal the Special Term was directed to do that which, under our view of the facts, the board of standards and appeals should have done in the first instance: i.e. to reopen the case *507 and have a new hearing. * * * when the matter came before the Special Term it acted in the place and stead of the board of standards and appeals and its determination was a new and superseding final determination ”. (Matter of Caponi v. Walsh, 232 App. Div. 777; emphasis supplied.)
Here, while a variance was not requested, an appeal was taken and a hearing has been held at which sworn testimony was given. If the evidence showed the lawful existence of a nonconforming use there could be no violation (Revised Building Zone Ordinance, § 15) and the respondents were under the duty to reverse the decision of the Building Inspector which was the subject of the appeal — the decision did not include the question of extending the rear porch and, therefore, that matter was not properly raised on appeal.
In Matter of Flanagan v. Zoning Bd. of Appeals (2 Misc 2d 922, affd. 1 A D 2d 979), where a somewhat similar set of facts were involved, Mr. Justice Hogan at Special Term declined to follow Matter of Foss v. Town of Oyster Bay (supra).
In Matter of Joynt v. King (6 A D 2d 234, 237) where a variance was not requested, the parties by misconstruing the ordinance respecting the need for certificates of occupancy applied to the Board of Appeals for such certificate attesting to the existence of a nonconforming use. There, the Appellate Division, Fourth Department, by Halpekn, J., wrote that ‘ ‘ in passing upon an application for a certificate of occupancy ” the board had the authority “ to determine whether a nonconforming use had been in existence prior to the adoption of the ordinance and whether it had continued since that time ’ ’. Here, the Building Inspector and the City Attorney acquiesced in the submission of the nonconforming use question to the respondents. Even if no appeal were taken, such submission under the Joynt case (supra) would be sufficient to permit a determination on the merits.
Accordingly, it is held that the respondents had authority to dispose of the appeal on the merits. Therefore, the matter is remitted to them for the rendition of a new decision. In that decision the respondents should state their reasons to ‘ ‘ ‘ enable the parties and any appellate court intelligently to determine whether the decision follows as a matter of law from the facts stated as its basis and whether the findings of fact have any substantial support in the evidence’” (Matter of Barry v. O’Connell, 303 N. Y. 46, 51). The decision shall be rendered, on notice to the petitioner, within 15 days after the service of a copy of the order to be entered hereon.
Settle order on notice.