Jack Stanislaw, J.
The respondent Zoning Board of Appeals of the Town of East Hampton decided that the petitioner Hilbert did not have a nonconforming marina use of his property prior *778 to an amendment of the zoning ordinance eliminating such use as to his parcel. Hilbert has brought this article 78 proceeding to review and set aside that determination as having been made beyond the board’s jurisdiction and as arbitrary in any event.
The board’s decision came about as a result of the activities of the individual respondents (hereinafter “ claimants ”). They initially inquired of the Town Building Inspector whether or not Hilbert’s property did actually have the benefit of a nonconforming use for purposes of a marina. The Building Inspector declined to respond to this request and so claimants petitioned the Zoning Board of Appeals for an interpretive determination. Interpretation of various parts and aspects of the town’s Zoning Ordinance is provided for in that ordinance under certain terms and conditions. A hearing on claimants’ petition was held by the board, following which the subject decision, declaring petitioner’s property not vested with a nonconforming use, was issued.
The ordinance allows appeals to the Zoning Board of Appeals from a decision of an administrative official (here the Building-Inspector) involving interpretation of the ordinance. Claimants actually appealed to the board from the Building Inspector’s refusal to interpret. They contend that the ‘ ‘ decision ’ ’ of the inspector to refrain from an interpretation was, by virtue of the ordinance and subdivision 2 of section 267 of the Town Law, properly appealable. We cannot agree.
Clearly, the Building Inspector made no determination at all, other than that he would make no determination. Therefore, the appeal was from a decision not to decide. Although claimants posed a question to the Building Inspector it was not answered. What was then appealed to the respondent board was not nor could it have been a decision involving the interpretation of the ordinance (see Foss v. Town of Oyster Bay, 146 N. Y. S. 2d 582). This Zoning Board of Appeals has broad powers, but among these we are hard put to find an ability to consider and determine an appeal based, in effect, upon a failure to decide (cf. Matter of Levine v. Buxenbaum, 19 Misc 2d 504; Matter of Joynt v. King, 6 A D 2d 234).
None of the foregoing is intended to suggest that the Building Inspector should have reached a decision on the question presented, but rather that his failure to respond altogether was an improper foundation for the appellate proceedings which followed. Any “ order, requirement, decision or determination of [this] administrative official” (Zoning Ordinance, § 804.01) would be subject to review if one had been made. Absent an *779 appealable or reviewable frame of reference the respondent Board of Zoning Appeals was without jurisdiction. The proceeding before and determination made by the respondent is therefore a nullity (cf. Beneke v. Board of Appeals of Town of Manlius, 51 Misc 2d 20).