141 N.J. Super. 315 (1976)
358 A.2d 211
YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF SUMMIT, NEW JERSEY, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE CITY OF SUMMIT AND MARTIN J. EGAN, BUILDING INSPECTOR OF THE CITY OF SUMMIT, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 12, 1976.
Decided May 5, 1976.
*316 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Arthur P. Condon, attorney for appellants.
Messrs. Bourne and Noll, attorneys for respondent (Mr. Kenneth R. Johanson, of counsel and on the brief).
PER CURIAM.
The judgment under review is affirmed essentially for the reasons expressed by Judge Davidson in his opinion, reported at 134 N.J. Super. 384 (Law Div. 1975). However, we wish to comment briefly on the following paragraph in the opinion:
To suggest that "families" composed of residents of group homes are to be distinguished from natural families in determining which single-family districts will be considered open to them is to confuse the power to control physical use of premises with the power to distinguish among occupants making the same physical use of them. "It is of the very nature of the constitutional and statutory zoning principle that all property in like circumstances be treated alike." Beirn v. Morris, 14 N.J. 529, 535 (1954). [at 391; emphasis supplied]
To the extent that the emphasized portion of the above excerpt suggests that a municipality, in the exercise of its *317 zoning powers, may not under any circumstances or for any legitimate zoning purpose distinguish among occupants making the same physical use of single-family dwellings, we would consider it overly broad. See, e.g., Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). Kirsch Holding Co. v. Manasquan, 59 N.J. 241 (1971), is not necessarily in conflict, since the ordinances there involved were held to be "sweepingly excessive, and therefore legally unreasonable."
Affirmed.