VIRGINIA M. TATE AND SUZANNE TATE MORROW v. BOARD OF ADJUSTMENT OF THE CITY OF ASHEVILLE

No. 8628SC653

(Filed 16 December 1986)

**Municipal Corporations § 31— zoning dispute—jurisdiction of board of adjustment**

N.C.G.S. § 160A-388(b) confers on the board of adjustment only appellate jurisdiction to hear and decide appeals from determinations by administrative officials charged with enforcement of zoning ordinances, and the board was without jurisdiction to decide whether the use of a swimming pool in conjunction with a day care program violated a zoning ordinance where it was clear that no administrative official charged with enforcing the ordinance had made any decision on the validity of the use. N.C.G.S. § 160A-388(c).

APPEAL by petitioners from *Ferrell, Judge.* Judgment entered 17 March 1986 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 28 October 1986.

This action involves the board of adjustment's interpretation of the City of Asheville's zoning ordinance. Since 1973, petitioners have operated, as a non-conforming use, a day care center at the residence of petitioner Tate. In 1984, Ms. Tate applied for and received a permit to build a swimming pool at her home. In the application, she stated that the pool would not be used in conjunction with the day care center. Once it was built, however, petitioners allowed the children participating in the day care program to use the pool.

Consequently, a dispute arose between petitioners and some of the neighbors over the use of the pool in connection with the day care program. The dispute first came before the city's board of adjustment on 1 November 1984, at which time the board suggested to the parties that they settle their differences without board action. The parties failed to resolve the dispute and appeared before the board once again on 24 June 1985. At that hearing, the board heard the arguments of the parties and issued an order which held that petitioners' use of the swimming pool in conjunction with the day care center violated the city's zoning ordinance. Petitioners appealed to superior court, which affirmed the board's decision.

*Riddle, Kelly & Cagle, by E. Glenn Kelly, for the petitioners-appellants.*

*William F. Slawter, for the respondent-appellee.*

EAGLES, Judge.

Petitioners make several arguments. Because we agree with petitioners that the board was without jurisdiction to enter the disputed order, we address only that issue.

G.S. 160A-388(b) provides, in relevant part, that "[t]he board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part." The statute clearly confers on the board only appellate jurisdiction, as distinguished from original jurisdiction, to decide whether a particular use is permitted under the zoning ordinance. Since the record here is devoid of any indication that those charged with the enforcement

of the zoning ordinance had made a decision whether petitioners' use of the pool was permitted or not, we must hold that the board of adjustment lacked jurisdiction to decide the question. Consequently, the board's order is void and without effect. *See Bagwell v. Brevard,* 267 N.C. 604, 148 S.E. 2d 635 (1966).

The grant of the original permit to build the swimming pool is not at issue here. It is undisputed that petitioner may have a swimming pool at her residence. The dispute arose only after the pool was used in conjunction with the day care center. The impetus for the board's ruling, however, was not an appeal from city zoning enforcement officials' decision that petitioners' use of the pool was, or was not, a violation of the ordinance. Instead, the matter arose from a request by those officials that the board decide the question in the first instance. The board's order states that the city's director of planning and zoning had advised the board that he could not enforce the ordinance in this case without an interpretation of the applicable section from the board. Furthermore, at the 24 June 1985 hearing, in response to a question from the board chairman as to why the board was needed in this situation, a representative of the city building inspector's office stated that the staff was asking for an interpretation of the ordinance. It is clear from the record then, that no administrative official charged with enforcing the city's zoning ordinance had made any decision on the validity of petitioners' use of the swimming pool. There having been no decision, there could be no appeal. In effect, the board decided an appeal from the administrators' "decision not to decide." *Hilbert v. Haas,* 283 N.Y.S. 2d 440, 441, 59 Misc. 2d 777 (1967).

The unambiguous language of G.S. 160A-388(b) proscribes city boards of adjustment from rendering these kinds of decisions. Those states with similar statutory provisions apparently have been unanimous in holding that boards of adjustment are without jurisdiction to render advisory opinions concerning the meaning of a zoning regulation or its application to a particular situation. *See generally* 101A C.J.S. "Zoning and Land Planning" Section 185 (1979); 3 Anderson "American Law of Zoning 2d" Section 20.05 (1977); 3 Rathkopf, "The Law of Zoning and Planning" Section 37.01(6)(a) (4th ed. 1986). Boards of adjustment have been held to lack jurisdiction to act on an application by a citizens group seeking an interpretation of a zoning ordinance, *YWCA of Sum-*

*mit v. Board of Adjustment*, 134 N.J. Super. 384, 341 A. 2d 356 (1975), *affirmed*, 141 N.J. Super. 315, 358 A. 2d 211 (1976); to decide whether a particular use was a non-conforming use before the building inspector had made his decision, *Hilbert v. Haas*, *supra*; and to act on a building permit application where the building inspector had refused to process and consider the application. *Town Bd. v. Zoning Board of Appeals*, 165 N.Y.S. 2d 954, 7 Misc. 2d 210 (1957). *See also Board of Zoning Appeals v. Heyde*, 160 Ind. App. 165, 310 N.E. 2d 908 (1974); *Kaufman v. City of Glen Cove*, 45 N.Y.S. 2d 53, 180 Misc. 349, *affirmed*, 42 N.Y.S. 2d 508, 266 A.D. 870 (1943); *H. R. Miller Co. Inc. v. Bitler*, 21 Pa. Commw. 466, 346 A. 2d 887 (1975). On the other hand, we have discovered no case in which any court has abrogated the plain meaning of the statute and allowed a board to make the initial determination of whether a particular use is valid under the ordinance.

Respondent argues that the language in G.S. 160A-388(c) which says that "[t]he board shall hear and decide all matters referred to it or upon which it is required to pass under any zoning ordinance" contemplates that the question before us can come before the board via alternative routes, including, by request of zoning officials. Respondent's argument is untenable for several reasons. First, G.S. 160A-388(b) is fairly specific and detailed in setting out the process by which appeals to the board must be taken. Interpreting the statute so as to remove the need for an initial decision by a zoning official, as respondent urges, would render subsection (b) meaningless. Second, even if the language on which respondent relies is applicable to subsection (b), we do not believe that it confers on the board any powers that are not specifically enumerated in either the statute or the ordinance. *See* 3 Rathkopf, *supra*. Finally, statutes which vest local governments with certain powers are to be strictly construed against the existence of the power. *In re Incorporation of Indian Hills*, 280 N.C. 659, 186 S.E. 2d 909 (1972). Respondent's interpretation of G.S. 160A-388 would confer virtually unlimited jurisdiction on a statutorily created body whose powers otherwise are specifically provided for in the statute. We reject that interpretation and accordingly reverse the decision of the trial court affirming the city board of adjustment.

Reversed.

Judges ARNOLD and JOHNSON concur.