DORIS MIDGETTE v. LARRY ED PATE AND WIFE, REBECCA PATE, TOWN OF SNOW HILL, NORTH CAROLINA, MELVIN OLIVER, IN HIS CAPACITY AS MAYOR OF THE TOWN OF SNOW HILL, R. BEN RAYFORD, PAUL MILLER, LIONEL MOORE, NORMAN C. LEWIS AND LLOYD FOREMAN, JR., IN THEIR CAPACITY AS COMMISSIONERS OF THE TOWN OF SNOW HILL, AND HARRELL MANNING, IN HIS CAPACITY AS ZONING ADMINISTRATOR OF THE TOWN OF SNOW HILL

No. 888SC1006

(Filed 5 July 1989)

1. **Municipal Corporations § 31 — swimming pool and bathhouse — special use permit — 12(b)(6) dismissal — correct**

The trial court correctly granted a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) as to special use permits in plaintiff's action against town officials connected to the issuance of permits for a swimming pool and bathhouse in a subdivision. Plaintiff's complaints specifically concerning defendants' special use, or building permits, may only be remedied by first appealing to the Board of Zoning Adjustment, which she failed to do. Plaintiff's complaints connected to the issuance of the permits are limited to the procedures outlined in N.C.G.S. § 160A-388.

2. **Municipal Corporations § 31 — swimming pool and bathhouse — mandamus alleging that zoning administrator failed to enforce ordinance — 12(b)(6) dismissal improper**

The trial court improperly granted defendants' motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of plaintiff's action against the town for mandamus alleging that the zoning administrator failed to enforce a zoning ordinance related to defendants' construction of a swimming pool. Plaintiff's request that the alleged violations be corrected, the fact that she is an adjacent property owner subject to the same zoning restrictions as defendants Pate, and the fact that she alleged special damages is sufficient to assert her legal right to enforcement of the ordinance, and plaintiff has set forth adequate

facts to state a claim that there had been violations of the zoning ordinance.

3. **Deeds § 20.7— subdivision restrictive covenants—enforcement—12(b)(6) dismissal improper**

The trial court improperly granted defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6), of plaintiff's action against the defendant Pates for violation of subdivision protective covenants regarding the construction of a swimming pool and bathhouse. N.C.G.S. § 1A-1, Rule 8(a)(1) and (2).

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 18 April 1988 in Superior Court, GREENE County. Heard in the Court of Appeals 13 April 1989.

In this civil action plaintiff seeks a writ of mandamus and an injunction to compel town officials to enforce the local zoning ordinance. Defendants moved to dismiss the complaint pursuant to N.C.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. After hearing the motions the trial court entered an order dismissing the complaint against the defendants, from which plaintiff appeals. The following facts are alleged in plaintiff's complaint:

Plaintiff's home, which she owns, is located on Lot 17, Block A of the Indian Head Estates Subdivision in Greene County. The defendants, Larry Ed and Rebecca Pate, own a home and property located on two adjoining lots in the Indian Head subdivision. Both plaintiff's and defendants Pate's properties are located within the zoning jurisdiction of the Town of Snow Hill, and are also subject to the Protective Covenants for the Indian Head Estates Subdivision.

At the time this action was initiated defendant Oliver was the Mayor of the Town of Snow Hill; defendants Rayford, Miller, Moore, Lewis and Foreman served as Commissioners of the Town of Snow Hill; defendant Manning was employed as Zoning Administrator for the Town of Snow Hill.

On 10 July 1985 a building permit was issued by defendant Manning, as the Snow Hill Building Inspector, to defendant Pate to allow construction of a swimming pool and bathhouse on the Pate lots in the Indian Head subdivision. On 15 July 1988, the Snow Hill Board of Zoning Adjustment approved a special use permit for a swimming pool on the Pate lots in the Indian Head subdivision.

The swimming pool and bathhouse were subsequently built. It is alleged that the swimming pool is less than twenty feet from the right-of-way known as Arrow Head Circle; that the pool and bathhouse were enclosed by a wooden fence which is at least seven feet high; that the fence is located less than three feet from Arrow Head Circle, a right-of-way, and approximately eighteen feet from Indian Head Drive, another right-of-way. Plaintiff alleges that the pool, bathhouse and fence violate the zoning ordinances of the Town of Snow Hill and the Protective Covenants of the Indian Head subdivision.

It is further alleged that during the summers of 1985 and 1986 the Pates sold memberships to individuals and families for use of the pool and bathhouse facilities. Plaintiff alleges that the sale of memberships to the Pate pool and associated activities are in violation of the zoning ordinances of Snow Hill and the Protective Covenants of the Indian Head subdivision.

It is admitted in defendants Pate's answer to plaintiff's complaint that a letter was written to Larry Ed Pate by defendant Manning as Zoning Administrator for the Town of Snow Hill which mentioned certain violations of the zoning ordinance. Plaintiff alleges that following this letter the Pates took no action to change the pool, its facilities, or use of the pool by paid membership. Plaintiff states that despite her requests the Town of Snow Hill and the Zoning Administrator have refused to enforce the zoning ordinance and take action against the Pates for the alleged violations.

Defendants Pate admit in their answer that the protective covenants were established for the mutual benefit of all lots in Indian Head estates and the owners and purchasers of lots therein. The Pates further admit in their answer that they had notice and knowledge of the covenants. Plaintiff alleges that the construction of the pool, bathhouse and fence violated the protective covenants in five specific respects.

Plaintiff asked that a writ of mandamus issue to direct the town officials to enforce the zoning ordinance; that a permanent injunction issue to force compliance with the protective covenants; or, in the alternative, that plaintiff be allowed to recover damages.

*H. Jack Edwards for plaintiff appellant.*

*James R. Fitzner for defendant appellees.*

*George Lee Jenkins for defendant appellees Larry Ed Pate and wife, Rebecca Pate.*

**MIDGETTE v. PATE**

[94 N.C. App. 498 (1989)]

ARNOLD, Judge.

Plaintiff appeals the trial court's dismissing her complaint for failure to state a claim on which relief can be granted pursuant to N.C.R. Civ. P. 12(b)(6), N.C.G.S. § 1A-1.

A plaintiff's complaint setting forth a claim for relief must include:

(1) A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and

(2) A demand for judgment for the relief to which he deems himself entitled.

N.C.G.S. § 1A-1, Rule 8(a)(1)(2); *see generally Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

As the defendants each made their motions pursuant to N.C.R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, the factual allegations of the complaint set forth above must be taken as true for purposes of this appeal. *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E. 2d 282, 288 (1976). "A claim should not be dismissed under Rule 12(b)(6) unless it appears that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim." W. Shuford, *N.C. Civil Practice and Procedure* § 12-10 (1988).

Plaintiff's complaints can be sorted into three subgroups: those which arise as result of the permits which were granted to the Pates; those which would be the result of a refusal by town officials to enforce the ordinance; and those which are connected to the alleged violations of the protective covenants.

[1] The defendant Town officials correctly contend that the plaintiff may only proceed against them as set out in N.C.G.S. § 160A-388. Therefore, plaintiff's complaints connected to the issuance of the permits are limited to the procedures outlined in N.C.G.S. § 160A-388:

(b) The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part.

MIDGETTE v. PATE

[94 N.C. App. 498 (1989)]

An appeal may be taken by any person aggrieved or by an officer, department, board, or bureau of the city.

\* \* \* \*

(e) The concurring vote of four-fifths of the members of the board shall be necessary to reverse any order, requirement, decision, or determination of any administrative official charged with the enforcement of an ordinance adopted pursuant to this Part, or to decide in favor of the applicant any matter upon which it is required to pass under any ordinance, or to grant a variance from the provisions of the ordinance. Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari.

The board of adjustment is an administrative body with quasi-judicial power whose function is to review and decide appeals which arise from the decisions, orders, requirements or determinations of administrative officials, such as building inspectors and zoning administrators. *Id. See In re Pine Hill Cemeteries, Inc.*, 219 N.C. 735, 15 S.E. 2d 1 (1941); *see generally* M. Brough, *The Zoning Board of Adjustment in North Carolina* 7-9 (1984). It is the job of the board of zoning adjustment to interpret the ordinance and to apply that interpretation when reviewing acts of administrators. *See Harden v. Raleigh*, 192 N.C. 395, 135 S.E. 151 (1926); *Brough* at 5. The enabling statute which grants power to local governments to enact zoning ordinances states that a board of zoning adjustment may be authorized to:

issue special use permits or conditional use permits in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified [in the local ordinance] and may impose reasonable and appropriate conditions and safeguards upon these permits. . . .

N.C.G.S. § 160A-381. A special use permit, like the one issued to the defendants Pate in this case, is allowed "to permit certain exceptional uses *that the ordinance authorizes under stated conditions. Brough* at 9 (emphasis in original).

N.C.G.S. § 388(b) confers on the board appellate jurisdiction to review the acts of those charged with enforcing the zoning ordinance. *Tate v. Board of Adjustment of the City of Asheville*, 83 N.C. App. 512, 513, 350 S.E. 2d 873, 874 (1986). Once the municipal official has acted, for example by granting or refusing a permit,

"any person aggrieved" may appeal to the board of adjustment. N.C.G.S. § 160A-388(b).

Plaintiff has alleged the special damages required to assert standing under N.C.G.S. § 160A-388(b) as an aggrieved person. *Heery v. Town of Highlands Zoning Board of Adjustment*, 61 N.C. App. 612, 300 S.E. 2d 869 (1983). Thus, she could have contested the permits had she timely filed with the board of adjustment. N.C.G.S. § 160A-388(b). Plaintiff's complaints specifically concerning defendants' special use, or building permits, may only be remedied by first appealing to the board of zoning adjustment. She failed to do so and therefore she cannot now attack these permits.

[2] However, plaintiff has stated a proper claim against the Town for mandamus by alleging that the zoning administrator failed to enforce the ordinance. Insofar as the complaint attacks the sale of memberships for use of the pool, the building of structures not covered by the permits, and parking, plaintiff has alleged that her requests to town officials have been ignored. Further, as there has been no decision by a zoning administrator from which she may appeal, she may not go forward under N.C.G.S. § 160A-388(b) to contest the use the Pates made of the pool after they were permitted to build it. *Tate* at 515, 350 S.E. 2d at 874.

In North Carolina the rule has been stated that "Mandamus will lie to compel the performance of a purely ministerial duty imposed by law." *Bryan v. City of Sanford*, 244 N.C. 30, 35, 92 S.E. 2d 420, 423 (1956); *see Lee v. Walker*, 234 N.C. 687, 68 S.E. 2d 664 (1952) (mandamus appropriate to compel officials to issue zoning permit when plaintiff showed he had met all requirements for permit); *Rebholz v. Floyd*, 327 So. 2d 806, 808 (Fla. App. 1976); *see generally* A. Rathkopf, 3 *The Law of Zoning and Planning* § 44.01 *et seq.*

"Where the law prescribes and defines a duty with such certainty as to leave nothing to the exercise of judgment or discretion the act is ministerial . . . ." *Harden* at 397, 135 S.E. at 152. The legislature has prescribed the duties of local zoning inspectors including: "the issuance of orders to correct violations, the bringing of judicial actions against actual or threatened violations." N.C.G.S. § 160A-412(4); *see generally* P. Green, *Legal Responsibilities of the Local Zoning Administrator in North Carolina*, Institute of Government (1987). Though the zoning administrator may exercise discretion in assessing the alleged violations, this does not lessen

the duty to investigate the charges of a plaintiff who has legal right to have the duty enforced:

> Where a duty to make a decision is imposed upon a body or officer, even though discretion is involved in the determination, mandamus will lie to compel the body or officer to make the decision, since there is no discretion involved in whether action is to be taken. 3 *Rathkopf* § 44.03[2].

Plaintiff asserts a legal right to enforce the ministerial duties of a zoning administrator if she has standing to assert the right and has performed any acts required to evoke action on the part of the officer. *Id.* at § 44.02; *see also Heery* at 614, 300 S.E. 2d at 870. Plaintiff's request that the alleged violations be corrected, the fact that she is an adjacent property owner subject to the same zoning restrictions as the defendants Pate, and the fact that she alleged special damages is sufficient to assert her legal right to enforcement of the ordinance. *See id.* Plaintiff has set forth adequate facts to state a claim that there have been violations of the zoning ordinance related to the use of the pool, parking, and fence, and that the zoning inspector has failed to make a determination concerning the violations and to pursue correction of the violations.

[3] Finally, as against the Pates, we hold that plaintiff has sufficiently stated a claim that the Protective Covenants have been violated. Though plaintiff has neglected to include a complete copy of the covenants in the record, she does state the following violations of the covenant in her complaint:

a) They erected a building on the property not permitted by the covenants.

b) They failed to submit the construction plans and specifications and a plan showing the location of the structures to the architectural control committee.

c) They failed to meet the minimum setback requirements for the location of buildings, structures and fences on their property.

d) They use the property for other than residential purposes.

e) They are allowing a use of their property which has become an annoyance or nuisance to the neighborhood.

IN RE SUSPENSION OF LICENSE OF ROGERS

[94 N.C. App. 505 (1989)]

This portion of the complaint put the defendants on notice of the claim concerning violation of the covenants. N.C.G.S. § 1A-1, N.C.R. Civ. P. 8(a)(1)(2). In our view plaintiff's complaint states a claim on the issue of whether there has been a violation of the covenants.

Our holding is that plaintiff has stated a claim for mandamus to compel the Town and its zoning administrator to scrutinize alleged violations of the zoning ordinance relating to the use of the pool, the fence, and parking, and to enforce the ordinance. Plaintiff has stated a claim against the Pates for alleged violations of protective covenants. Only that portion of the trial court's order dismissing these two claims is reversed.

Affirmed in part and reversed in part.

Judges GREENE and LEWIS concur.