M. P. JONES v. HUNTER R. NEISLER.

(Filed 19 December, 1947.)

**1. Landlord and Tenant § 37—**

The grantor of land reserved the hunting rights in himself and later gave an oral lease of the hunting rights at a stipulated sum yearly. The successor to the grantee refused to permit the lessee of the hunting rights to enter upon the property for the purpose of hunting. *Held:* The lessor cannot maintain an action against defendant for damages, since if the lease of the hunting rights is valid the lessee and not the lessor is the one who suffered the damages, whereas if the lease is void defendant cannot be made to respond in damages for refusing to recognize it.

**2. Parties § 1—**

Every action must be prosecuted in the name of the real party in interest. G. S., 1-57.

APPEAL by plaintiff from *Bone, J.,* at April Term, 1947, of BLADEN.

This is a civil action to recover damages against the defendant for refusing to permit one Jay Smith, to whom plaintiff had orally leased the hunting right on the land described in the record, from entering upon the property for the purpose of hunting.

The agreed facts pertinent to this appeal are as follows:

1. On 16 November, 1938, the plaintiff was the owner in fee simple of the tract of land described in the complaint and on said date he executed and delivered to his wife, Essie Maud Jones, a deed for the property, which deed contained the following reservation: "However, the said M. P. Jones does hereby reserve unto himself and except from this conveyance the hunting right on said described property for a period of ninety-nine years.

2. The defendant is now the owner of the tract of land referred to herein.

3. Sometime prior to 2 October, 1944, the plaintiff undertook to lease orally to one Jay Smith for the sum of $80.00 per year such hunting rights, if any, as were reserved to plaintiff in his deed to his wife.

4. It was agreed that the damages, if any, should be awarded in the sum of $120.00.

5. The plaintiff on 3 November, 1939, executed and delivered to Ed Mitchem et al. an assignment of his hunting rights on this tract of land, which instrument is duly recorded in the office of the Register of Deeds of Bladen County. However, this assignment is not to be effective until the death of the plaintiff.

Upon the foregoing facts and the admissions in the pleadings, the court was requested by the plaintiff and the defendant to render judgment in accordance with the court's opinion as to the legal rights of the parties.

The court held as a matter of law, that the plaintiff was not entitled to recover anything and entered judgment accordingly.

The plaintiff appeals, assigning error.

*Clayton C. Holmes and H. L. Williamson for plaintiff, appellant.*
*H. H. Clark and Edward B. Clark for defendant, appellee.*

DENNY, J. The record does not disclose the ground upon which the court below held the plaintiff is not entitled to recover in this action. Nevertheless, we think the contention of the defendant that the complaint does not state a cause of action against him is correct.

The plaintiff alleges he gave an oral lease of his hunting rights on the premises in question, to a third party for a valuable consideration; and brings this action for damages against the defendant for refusing to permit the lessee to exercise such rights. The date of the lease is not alleged nor is the date of its termination disclosed.

If during the period of time in question, the lessee held a valid assignment of the plaintiff's hunting rights, and was wrongfully prevented from exercising those rights by the defendant, the lessee, and not the

plaintiff, is the one who suffered damages. Every action must be prosecuted in the name of the real party in interest. G. S., 1-57. The lessee is not a party to this action. On the other hand, if the lease is void the defendant cannot be made to respond in damages for refusing to recognize it.

A determination of the validity or invalidity of the lease or assignment of the hunting rights, not being essential to a disposition of this appeal, we express no opinion thereon.

The judgment of the court below will be upheld.

Affirmed.