WIL-HOL CORPORATION, PLAINTIFF v. ZULA MARSHALL, RAY JOYNER
    AND TILLIE JOYNER, DEFENDANTS/THIRD PARTY PLAINTIFFS v. TOWN OF
    WAKE FOREST, THIRD PARTY DEFENDANT

No. 8410DC152

(Filed 4 December 1984)

**Municipal Corporations § 31.1— zoning ordinance—standing to challenge—collateral attack**

     Plaintiff, the estranged wife of a month to month tenant whose lease in a
trailer park had been lawfully terminated, had no interest in the trailer park
property sufficient to allow her to challenge a zoning ordinance which indirect-
ly forced the lessor to terminate the lease. Furthermore, plaintiff could not col-
laterally attack the zoning ordinance in a summary ejectment proceeding
brought by the lessor.

APPEAL by defendant and third party plaintiff Tillie Joyner
from *Redwine, Judge.* Order entered 27 September 1983 in Dis-
trict Court, WAKE County. Heard in the Court of Appeals 26 Oc-
tober 1984.

In this civil action, which started out as a summary eject-
ment proceeding, Tillie Joyner seeks to have the zoning ordinance
of the Town of Wake Forest declared invalid and to enjoin its en-
forcement against her.

Plaintiff owns Wilkinson's Trailer Park in the Town of Wake
Forest and Ray Joyner, Tillie's husband, rented a space therein
on which was situated the mobile home that the Joyners oc-
cupied. On 18 April 1983 plaintiff filed a complaint in summary
ejectment against "Ray Joyner and/or occupants" of the mobile
home involved. The complaint alleged that proper notice of ter-
mination had been given to Ray Joyner and the occupants of the
mobile home and that the lease terminated as of 1 April 1983. The
Wake County magistrate who heard the matter decided in favor
of plaintiff and Ray Joyner appealed to District Court. Prior to
trial in District Court, Tillie Joyner moved to intervene as a

defendant in the case, alleging that she had separated from her husband Ray, who had moved away, and she was the occupant of the mobile home involved. She also moved to intervene as a third party defendant in an action that Zula Marshall, another resident of the trailer park, brought against the Town of Wake Forest. The trial court allowed these motions, along with another motion by Tillie Joyner to consolidate the cases. In substance, Tillie Joyner's third party complaint alleged that Wil-Hol was trying to eject her and other trailer park occupants because the trailer park violated the Town's zoning ordinance and the Town had directed plaintiff to close the park; and it asked that the zoning ordinance be declared invalid and the Town enjoined from enforcing it.

The Town denied the material allegations of the third party complaint and counterclaimed for injunctive enforcement of its ordinance. It also moved to dismiss the third party complaint for its failure to state a claim for relief. After several intervening procedural steps, the motion to dismiss was heard in District Court and allowed. In that order, after finding that Ray and Tillie Joyner were month to month tenants of plaintiff, that Wil-Hol gave them due notice of the termination of the lease and the lease had expired, the court concluded that the third party plaintiff had no interest in the property involved and no standing to attack either the zoning ordinance or its application. Zula Marshall had earlier moved from the trailer park and her case became moot. Ray Joyner was found by the magistrate not to be a party. Thus, the court's order of dismissal applied only to Tillie Joyner's case and she appealed therefrom.

*No brief filed for plaintiff Wil-Hol Corporation.*

*East Central Community Legal Services, by Augustus S. Anderson, Jr., for third party plaintiff appellant Tillie Joyner.*

*Ellis Nassif for third party defendant appellee Town of Wake Forest.*

PHILLIPS, Judge.

We think that the trial court's dismissal of this action was proper for several reasons: Tillie Joyner had no legal authority to attack the zoning ordinance, and in undertaking to attack it she

Wil-Hol Corp. v. Marshall

did not follow the established procedure for doing so. Although neither party has provided us with the review provisions of the Wake Forest Zoning Ordinance, we assume that they conform to the statutes that apply to all municipalities in this state. These statutes provide that "[a]n appeal may be taken by any person aggrieved" from any decision of a zoning officer to the town's Zoning Board of Adjustment, G.S. 160A-388(b), and that an appeal of zoning board decisions may be taken to the Superior Court "by proceedings in the nature of certiorari." G.S. 160A-388(e).

An "aggrieved" person in a zoning proceeding, so our courts have held on more than one occasion, must own the affected property or have some interest in it. *See Pigford v. Board of Adjustment (Kinston)*, 49 N.C. App. 181, 270 S.E. 2d 535 (1980), *rev. denied and appeal dismissed*, 301 N.C. 722, 274 S.E. 2d 230 (1981) and the cases cited therein. Ms. Joyner contends on appeal that developments in our case law have expanded the concept of property and that lessees under a month to month lease have a sufficient property interest in their rental premises to give them standing to challenge the validity of a zoning ordinance or to contest its application where it affects property that they rent. Without adopting or rejecting this premise as a statement of law, we do not find it applicable here. Ms. Joyner was the estranged wife of a month to month tenant whose lease had been lawfully terminated. She had no interest in the property sufficient under our law to allow her to challenge either her eviction from the property or the application of the zoning ordinance to it. The cases cited by Ms. Joyner, while they may well support her statement of the law, have no application to this case. *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320, *appeal dismissed*, 422 U.S. 1002 (1975), involved a challenge to a zoning ordinance by a tenant under a written lease for a term of years, not a monthly tenancy or a tenancy at will. *Cumberland County v. Eastern Federal Corp.*, 48 N.C. App. 518, 269 S.E. 2d 672, *rev. denied*, 301 N.C. 527, 273 S.E. 2d 453 (1980), involved a challenge to a sign ordinance by the *owner* of a regulated billboard, not a lessee. And neither *Jones v. Neisler*, 228 N.C. 444, 45 S.E. 2d 369 (1947) nor *Kent v. Humphries*, 50 N.C. App. 580, 275 S.E. 2d 176, *modified and aff'd*, 303 N.C. 675, 281 S.E. 2d 43 (1981) involved challenges to zoning ordinances. No decision authorizing a former lessee to challenge the application of a zoning ordinance that indirectly forced the

lessor to terminate the lease has been either called to our attention or found in our research.

Since plaintiff's complaint neither alleged that she owned the property affected nor had an interest therein to support her challenge, her complaint was clearly dismissible for a lack of standing to sue under the provisions of Rule 12(b)(6) of the N.C. Rules of Civil Procedure. But even if it could be said that Ms. Joyner had a sufficient property interest to sustain her complaint, its dismissal by the District Court was nevertheless required. As already noted, the statutory procedure for challenging the validity of a zoning ordinance is to petition the Superior Court for certiorari to review the final decision of the Board of Adjustment. *City of Elizabeth City v. LFM Enterprises, Inc.*, 48 N.C. App. 408, 269 S.E. 2d 260 (1980). A zoning ordinance may not be collaterally attacked by a party that failed to avail herself of the judicial review that the ordinance and statutes authorize. Ms. Joyner's third party complaint is not a petition for certiorari, and there is no indication that she has ever sought to have the decision of the Wake Forest Board of Adjustment reviewed by any court.

The order appealed from is

Affirmed.

Judges WHICHARD and JOHNSON concur.