GRANDFATHER VILLAGE v. CECIL WORSLEY

No. 9224SC740

(Filed 17 August 1993)

**Municipal Corporations § 31 (NCI3d) — violation of zoning ordinances — assessment — no appeal to Board of Adjustment — defense improperly raised at trial**

Defendant did not properly raise defenses to plaintiff's assessment of fees for violating plaintiff's zoning ordinance

with regard to signs when he failed to appeal the assessment to the Board of Adjustment.

**Am Jur 2d, Zoning and Planning § 1103.**

Appeal by defendant from order entered 4 May 1992 by Judge Charles Lamm in Avery County Superior Court. Heard in the Court of Appeals 9 June 1993.

Plaintiff brought this action on 29 May 1991, seeking civil penalties and injunctive relief against defendant for displaying portable signs in violation of plaintiff's zoning ordinance. Defendant filed an answer which alleged that the sign was actually owned by the Worsley Companies, Inc. and which contained a counterclaim for damages due to the allegedly wrongful assessment. Plaintiff filed both a motion to dismiss defendant's counterclaim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) and a motion for summary judgment. On 4 May 1991, the trial court entered an order dismissing defendant's counterclaim and granting summary judgment in favor of the plaintiff. From this order, defendant appeals.

*Paletta & Hedrick, by David R. Paletta, for plaintiff-appellee.*

*Hatch, Little & Bunn, by Harold W. Berry, Jr., for defendant-appellant.*

McCRODDEN, Judge.

The determinative issue in this case is whether defendant properly raised defenses to plaintiff's assessment of fees for violating plaintiff's zoning ordinance when he failed to appeal the assessment to the Board of Adjustment. The facts of the case indicate that he did not, and we consequently affirm the trial court's judgment.

---

On 21 November 1990, plaintiff, through its zoning administrator, requested defendant to remove two portable signs located at a Scotchman convenience store in Grandfather Village and advised him that it would assess a penalty of $50.00 for each day of the continuing violation if he did not remove the signs within 60 days. On 19 February 1991, more than 60 days after the previous notice, the administrator issued a citation to defendant for failure to remove the sign and assessed a $50.00 penalty. By letter dated 7 March 1991, the administrator notified defendant that the amount of the penalty had reached $700.00 and stated that "[i]f you disagree with

my decision that you are in violation of Section 902.16(3)(d) you may appeal to the Board of Adjustment. If you wish to do so, you must file the appeal in this office within 30 days." A return receipt indicated that the letter was delivered to defendant on 12 March 1991. On 18 April 1991, more than 30 days after he had received the violation notice, defendant sent a letter to the zoning administrator's office purporting to give notice of appeal of the assessment.

---

N.C. Gen. Stat. §§ 160A-381 to -394 (1987 and Supp. 1992), grant to cities the power to enact and enforce zoning ordinances, including the authority to regulate and restrict structures within its jurisdiction. N.C.G.S. § 160A-388(b) governs an appeal from a decision of a city's zoning administrator, and it provides, in pertinent part:

> The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part . . . . Appeals shall be taken within times prescribed by the board of adjustment by general rule, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal, specifying the grounds thereof.

Any party not satisfied by the ruling of the board may, in turn, appeal to superior court, and such appeal is in the nature of certiorari review. N.C.G.S. § 160A-388(e). On certiorari review, the superior court is not the trier of fact. The board of adjustment is the final arbiter of fact. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

Section 902.11(7) of the Grandfather Village Zoning Ordinance (the "Ordinance") prohibits portable signs within the zoning jurisdiction of the Village. The parties concede that the Scotchman convenience store is within the zoning jurisdiction of the Village. Under Section 902.16 of the Ordinance, the sign administrator has the authority to issue notices of violation. If the owner of the sign fails to comply, the sign administrator may impose a civil penalty of $50.00 for each day of noncompliance. If the penalty is not paid within 10 days of its imposition, the Village shall enforce it as a debt.

**GRANDFATHER VILLAGE v. WORSLEY**

[111 N.C. App. 686 (1993)]

Consistent with N.C.G.S. § 160A-388(b), Section 1306 of Grandfather Village's Ordinance provides that its board of adjustment shall hear appeals from any order or decision of the zoning administrator and that "[n]o appeal shall be heard by the board unless notice thereof is filed within thirty (30) days after the interested party or parties receive the decision or determination by the Zoning Administrator."

Defendant offers three arguments on appeal, each of which concerns the refusal by the superior court to consider any defenses defendant might have had against the assessment and depends upon a single issue of fact, namely, whether defendant actually owned the signs. Plaintiff responds, however, that the trial court properly granted summary judgment in its favor because the defendant waived any defenses to the assessment by failing to appeal to the Board of Adjustment within the prescribed period. We agree with plaintiff.

In this case, it is uncontested that defendant failed to file any notice of appeal with the zoning administrator or the board of adjustment within the required 30 days after he received the notice of the zoning administrator's determination. Thus he waived any right to raise in superior court defenses he might have had to the assessment. Having failed to exercise his administrative remedies, defendant cannot now collaterally attack the determination of the zoning administrator. We affirm the order of the trial court.

Affirmed.

Judges EAGLES and LEWIS concur.