CHRISTY RENEE TOOLE, BY AND THROUGH HER GUARDIAN AD LITEM PAUL B. WELCH, III, AND NEW SOUTH INSURANCE COMPANY, PLAINTIFFS[1] v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, KATHLEEN H. McCALL, ADMINISTRATRIX OF THE ESTATE OF ROBIN JEFFREY McCALL, DECEASED, KATHLEEN H. McCALL, GUARDIAN AD LITEM FOR ETHAN F. McCALL, A MINOR, DAVID WHISENANT, AND MELISSA ANN MURPHY, DEFENDANTS

No. COA96-1324

(Filed 19 August 1997)

1. Insurance § 1168 (NCI4th)— automobile accident—insurance coverage—lawful possession by driver—no issue of material fact

In a declaratory judgment action arising out of an automobile accident, the trial court correctly held that there was no issue of material fact as to whether plaintiff was in "lawful possession" of the vehicle which she was driving at the time of the accident, pursuant to N.C.G.S. § 20-279.21(b)(2), where the evidence at trial showed that plaintiff had a relationship with the son of registered owner of the vehilce; plaintiff had on a previous occasion driven the vehicle at the son's request; the son referred to the truck as "his"; plaintiff had never been explicitly directed not to use the

_____

1. Plaintiff Unisun Insurance Company (hereinafter "Unisun") omitted from the caption of the final order of summary judgment from which defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") appeals. We believe this omission to be inadvertent, as the record does not evidence an order to remove plaintiff Unisun as a plaintiff in this action. This Court cannot, however, amend a caption to include a party without a proper order of amendment. The record being absent any order of amendment, plaintiff Unisun will not be listed as a plaintiff in the caption of this opinion.

TOOLE v. STATE FARM MUT. AUTO. INS. CO.

[127 N.C. App. 286 (1997)]

truck; and it was the plaintiff's subjective belief that at the time of the accident she was entitled to use the truck.

2. **Insurance § 1175 (NCI4th)— automobile accident—insurance coverage—entitlement to use vehicle—reasonable belief—summary judgment—coverage—"subjective reasonable belief"**

There was not a genuine issue of material fact as to whether plaintiff had a "subjective, reasonable belief" that she was entitled to use the vehicle she was driving at the time she was involved in an automobile accident where the evidence revealed that there was a personal relationship between plaintiff and the son of the registered owner of the vehicle; the son made representations that he had an ownership interest in the vehicle; plaintiff had had use of the vehicle; and neither the owner of the vehicle nor his son forbade plaintiff's use of the vehicle.

Appeal by defendant State Farm Mutual Automobile Insurance Company from order entered 24 July 1996 by Judge Zoro J. Guice, Jr. in Transylvania County Superior Court. Heard in the Court of Appeals 3 June 1997.

*Cloninger, Barbour, & Arcuri, P.A., by Frederick S. Barbour and J. Huntington Wofford, for plaintiffs-appellees.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Allan R. Tarleton, for defendant-appellant State Farm Mutual Automobile Insurance Company.*

TIMMONS-GOODSON, Judge.

This declaratory matter arises out of a traffic accident. On 30 April 1994, plaintiff Renee Toole was driving a 1977 Dodge pickup truck to take a friend (defendant Melissa Ann Murphy) home, because her vehicle was not operating properly. Unfortunately, during the trip, the truck driven by plaintiff Toole collided with a 1988 Toyota pickup truck owned and driven by Robin Jeffrey McCall. Mr. McCall subsequently died as a result of the injuries sustained in the collision. Ethan F. McCall, Mr. McCall's minor son, and another passenger, defendant David Whisenant, were injured, as were plaintiff Toole and defendant Murphy.

The truck driven by Ms. Toole was registered with the North Carolina Division of Motor Vehicles to Ernest Galloway. The vehicle

TOOLE v. STATE FARM MUT. AUTO. INS. CO.

[127 N.C. App. 286 (1997)]

was insured by defendant State Farm under an automobile liability policy issued to Ernest Galloway with limits of $100,000 per person/$300,000 per accident. The policy provided that defendant State Farm would pay damages for bodily injury for which any insured became legally responsible because of an automobile accident. The policy defined an insured as "[a]ny person using your covered auto," but specifically excluded coverage for any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." Plaintiff New South Insurance Company (hereinafter "New South") had issued a policy to plaintiff Toole, naming her as the insured. Plaintiff Toole was also insured under a policy issued by plaintiff Unisun to Donna Toole, plaintiff Toole's mother.

At the time of the 30 April 1994 accident, plaintiff Toole was Randall Galloway's girlfriend. Randall Galloway is Ernest Galloway's adult son. Randall Galloway claimed an ownership interest in the 1977 Dodge pickup truck, driven by plaintiff Toole on 30 April 1994, by virtue of a trade of a camper to his father. In fact, Randall Galloway considered the truck to be his, often referring in conversation with others, including plaintiff Toole, to the truck as "his" truck. Shortly before the 30 April 1994 accident, plaintiff Toole had driven the truck at the request of Randall Galloway. Neither Ernest Galloway, nor Randall Galloway had explicitly told plaintiff Toole not to use the truck.

Before taking the truck, plaintiff Toole tried to locate Randall Galloway. Upon being told by his grandmother that Randall was hunting, plaintiff Toole told Randall's grandmother that she was going to use the truck and asked her to inform Randall if he returned before she got back. Randall Galloway's grandmother raised no objection to plaintiff Toole's use of the truck. After learning of the 30 April 1994 accident, Ernest Galloway reported the 1977 Dodge truck to have been stolen. Plaintiffs New South and Unisun have accepted coverage under their policies, while defendant State Farm has denied coverage.

As a result, on 20 October 1995, plaintiffs Toole, by and through her Guardian ad Litem Paul B. Welch, III, New South, and Unisun filed this declaratory judgment action against defendants State Farm, Kathleen H. McCall, Administratrix of the Estate of Robin Jeffrey McCall, deceased, Kathleen H. McCall, Guardian ad Litem for Ethan F. McCall, a minor, David Whisenant, and Melissa Ann Murphy. This matter was heard on plaintiff's motion for summary judgment by Judge Zoro J. Guice, Jr. at the 15 April 1996 civil session of

Transylvania County Superior Court. With consent of the parties, Judge Guice entered an order granting summary judgment in favor of plaintiffs out of term, session, and county on 24 July 1996 in Rutherford County. Defendant State Farm appeals.

Defendant State Farm's sole assignment of error on appeal is that the trial court erred in granting plaintiffs' motion for summary judgment, since there were genuine issues of material fact, and plaintiffs were not entitled to judgment as a matter of law. Specifically, defendant State Farm contends that there were genuine issues of material fact as to the following: (1) whether plaintiff Toole was in "lawful possession" of Ernest Galloway's truck pursuant to North Carolina General Statutes section 20-279.21(b)(2); and (2) whether plaintiff Toole had a "reasonable belief" that she was "entitled" to use Ernest Galloway's truck pursuant to defendant State Farm's policy. We cannot agree; and for the reasons stated herein, we affirm the decision of the trial court.

[1] Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). "Where there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). It is the moving party's burden to establish the lack of a triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985). Once the moving party has met its burden, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

The North Carolina Financial Responsibility Act provides that an owner's policy of automobile liability insurance:

Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *or any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles. . . .

N.C. Gen. Stat § 20-279.21(b)(2) (1993) (emphasis added). In *Hawley*

*v. Insurance Co.*, 257 N.C. 381, 126 S.E.2d 161 (1962), the North Carolina Supreme Court noted, "[I]t is the purpose of the Financial Responsibility Act to provide protection for persons injured or damaged by the negligent operation of automobiles." *Id.* at 386-87, 126 S.E.2d at 166. In light of this purpose, the statute will be broadly construed so as "to provide the innocent victim with the fullest possible protection." *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 324 N.C. 221, 225, 376 S.E.2d 761, 764 (1989).

In the case *sub judice*, the facts are uncontroverted. Plaintiff Toole was the girlfriend of Ernest Galloway's son, Randall; she had on one previous occasion driven the truck at Randall's request; Randall Galloway referred to the truck, in conversation with others, as "his" truck; plaintiff Toole had never been explicitly directed not to use the truck; and it was plaintiff Toole's subjective belief that she was entitled to use the truck on 30 April 1994. Therefore, the facts taken in the light most favorable to defendant State Farm, tend to show that there was no issue of material fact as to whether plaintiff Toole was in "lawful possession" of the Galloway vehicle, pursuant to section 20-279.21(b)(2) of the General Statutes, on 30 April 1994. This being decided, we must now address defendant State Farm's contention that there was a genuine issue of fact as to whether plaintiff Toole had a "reasonable belief" that she was "entitled" to use the Galloway truck under defendant State Farm's insurance policy.

[2] Defendant State Farm's automobile insurance policy provides that "[the company] will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident." (emphasis omitted). The definition of "insured" includes "Any person using your covered auto." (emphasis omitted). The policy excludes liability coverage for any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." In *Aetna Casualty & Surety Co. v. Nationwide Mut. Ins. Co.*, 95 N.C. App. 178, 381 S.E.2d 874 (1989), *aff'd*, 326 N.C. 771, 392 S.E.2d 377 (1990), this Court in interpreting an exclusion much like the one found in the State Farm policy presently before us, found the standard to be subjective in nature—i.e., whether *that* person had a "subjective, reasonable belief that they are entitled to use the vehicle." *Id.* at 181, 381 S.E.2d at 875.

Again, in light of the personal relationship between plaintiff Toole and Randall Galloway; Randall Galloway's representation that he had an ownership interest in the truck; plaintiff Toole's prior use

IN RE D.R.D.

[127 N.C. App. 296 (1997)]

of the vehicle; and the failure of either Randall Galloway or Ernest Galloway to forbid plaintiff Toole's use of the vehicle, we find no genuine issue of material fact as to whether plaintiff Toole had a "subjective, reasonable belief" that she was entitled to use the Galloway vehicle on 30 April 1994.

In light of the foregoing, the decision of the trial court granting plaintiffs' motion for summary judgment is affirmed.

Affirmed.

Judges COZORT and MARTIN, Mark D., concur.

Judge COZORT concurred prior to 31 July 1997.