ALFRED T. POTTER, JR., D/B/A GREEN'S GROCERY, PLAINTIFF v. CITY OF HAMLET, DEFENDANT

No. COA99-1450

(Filed 16 January 2001)

**1. Zoning— validity of ordinance creating extraterritorial jurisdiction—barred by statute of limitations**

The trial court did not err in a zoning case by granting summary judgment in favor of defendant City of Hamlet based on plaintiff's challenge to the validity of the ordinance creating extraterritorial jurisdiction (ETJ) being barred by the two-month statute of limitations under N.C.G.S. § 160A-364.1 even though the City failed to record the ETJ map at the register of deeds, because: (1) the requirement in N.C.G.S. § 160A-22 that a map and/or written description depicting the ETJ be recorded in the register of deeds office is to give property owners notice as to whether their property is within the extraterritorial zoning authority of a city; (2) the City's actions both before and after the

POTTER v. CITY OF HAMLET

[141 N.C. App. 714 (2001)]

ordinance creating the ETJ was adopted gave all persons with an interest in property affected by the ordinance sufficient notice of the ETJ's existence; and (3) except for the City's failure to timely record the map or written description of the ETJ at the register of deeds, the City fulfilled all the requirements under N.C.G.S. § 160A-360(b).

**2. Zoning— jurisdiction—review of zoning officer's determination—failure to avail self of judicial review**

The trial court did not err in a zoning case by finding that it lacked jurisdiction over the zoning officer's determination that the sale of beer in the store would constitute an unlawful expansion of a non-conforming use, because: (1) plaintiff failed to file an appeal under N.C.G.S. § 160A-388 with the City's Board of Adjustment contesting the zoning officer's determination and instead filed a rezoning petition requesting that his property be rezoned; and (2) therefore, plaintiff failed to avail himself of the only judicial review authorized by statute and may not otherwise collaterally attack the determination of the zoning officer.

Appeal by plaintiff from judgment entered 16 July 1999 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 6 November 2000.

*Drake & Pleasant, by Henry T. Drake, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for defendant-appellee.*

EAGLES, Chief Judge.

In August 1997, Alfred Potter (Potter) purchased Green's Grocery (store) from William Green (Green). Approximately one month after purchasing the store, Potter contacted the ABC Commission about acquiring a permit to sell beer for off-premises consumption. The ABC Commission granted Potter a temporary permit, but informed him that he would need to obtain zoning approval from the City before a permanent permit could be issued.

In an effort to obtain the necessary zoning approval from the City, Potter's brother-in-law, Woodrow Herring (Herring), took an ABC zoning compliance form to Hamlet City Hall. Lisa Vierling (Vierling), the zoning officer responsible for enforcing the City's zoning ordinance and issuing zoning permits, received the form. Vierling determined

that the store was not in compliance with the zoning ordinance because it was located in an area zoned I-2, "heavy industrial." Vierling interpreted the zoning ordinance to mean that Potter could continue to operate the store as a non-conforming use but that the addition of beer sales would be an unlawful expansion of a non-conforming use. Accordingly, on 22 September 1997, Vierling completed the ABC zoning compliance form indicating a zoning classification of I-2, "heavy industrial," and "non compliance." In her affidavit, Vierling said she then informed Herring that Potter could either appeal her non-conforming use interpretation to the City's Board of Adjustment or could petition the City Council to change the zoning of the property to allow convenience stores.

Potter did not appeal Vierling's decision to the City's Board of Adjustment. Instead, in November 1997, Potter requested the tract upon which the store is located be rezoned to B-3, "neighborhood business." Pursuant to Hamlet's zoning ordinance, Potter's rezoning petition was first presented to the City's Planning Board for consideration and a non-binding recommendation. Public hearings were held on 15 December 1997, after which the Planning Board recommended that Potter's petition be denied. On 13 January 1998, Potter's request to rezone his property from I-2 to B-3 came before the Hamlet City Council. The City Council voted unanimously to deny the rezoning, citing concern about illegal spot zoning.

Following the decision by the City Council, on 12 February 1998, Potter filed a complaint against the City in Richmond County Superior Court. In Potter's complaint, he alleged that: (1) his store was more than one mile outside the City limits and was therefore not subject to the City's zoning regulations; (2) even if the store was within one mile of the City limits, there was "some question . . . as to whether or not the extra-territorial zoning ordinance was adopted as required under the Statutes;" and (3) even if Potter was subject to the City's zoning authority, Vierling erred in determining that the sale of beer would constitute an unlawful expansion of a non-conforming use.

On 19 April 1999, Potter moved for summary judgment in Richmond County Superior Court. On 27 May 1999, the City also moved for summary judgment. On 16 July 1999, the trial court granted the City's summary judgment motion, dismissing all counts of Potter's complaint. In its order, the trial court made the following relevant findings:

1. That the plaintiff is barred by the Statute of Limitations to challenge the validity of the zoning ordinance.

That in any event the City of Hamlet complied with North Carolina G.S. 160A in exercising its extra territorial jurisdiction and the only irregularity was in the failing to file a map in the Register of Deeds Office, and that this does not invalidate an otherwise valid procedure.

2. That there is no genuine issue of material fact in regards to the question of whether or not the plaintiff's property is within the extra territorial jurisdiction of the City of Hamlet . . . .

3. That the plaintiff has failed to properly contest the issue of a non-conforming use by failing to appeal to the Board of Adjustment and the Court is without jurisdiction to hear the plaintiff's claims . . . .

Potter appeals.

Summary judgment is properly granted if "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c). The moving party has the burden to establish that there is no genuine issue as to any material fact. *Holley v. Burroughs Welcome, Co.*, 318 N.C. 352, 355, 348 S.E.2d 772, 774 (1986); *Toole v. State Farm Mut. Auto. Ins. Co.*, 127 N.C. App. 291, 294, 488 S.E.2d 833, 835 (1997). "Once the moving party has met its burden, the nonmoving party must 'produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial.' " *Toole*, 127 N.C. App. at 294, 488 S.E.2d at 835 (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). If the non-moving party fails to meet this burden, summary judgment is properly granted for the movant. Here, we conclude that because there are no genuine issues of material fact and the City was entitled to judgment as a matter of law, summary judgment was proper.

**[1]** Potter first argues that the trial court erred in finding that his challenge to the validity of the ordinance creating the extraterritorial jurisdiction (ETJ) was barred by the Statute of Limitations. Potter argues that because the City failed to record the ETJ map at the Register of Deeds, the zoning ordinance creating the ETJ is void, and the Statute of Limitations should not apply to his cause of action. We disagree.

G.S. § 160A-360 authorizes cities to exercise certain powers within their city limits and "within a defined area extending not more than one mile beyond its limits." G.S. § 160A-360(a). The statute further provides that any city wishing to exercise such "extraterritorial jurisdiction"

> shall adopt . . . an ordinance specifying the area to be included . . . . Boundaries shall be defined, to the extent feasible in terms of geographical features identifiable on the ground . . . . The boundaries specified in the ordinance shall at all times be drawn on a map, set forth in a written description, or shown by a combination of these techniques. This delineation shall be maintained in the manner provided in G.S. 160A-22 . . . and shall be recorded in the office of the register of deeds of each county in which any portion of the area lies.

G.S. § 160A-360(b). G.S. § 160A-22 provides that "[t]he current city boundaries shall at all times be drawn on a map, or set out in a written description, or shown by a combination of these techniques. This delineation shall be retained permanently in the office of the city clerk."

In 1994, the City enacted an ordinance creating an ETJ. The ETJ extended the City's zoning jurisdiction one mile outside the city limits. Before the ordinance was enacted, notice was given to all property owners within the boundaries of the proposed ETJ of public hearings on the issue. Green, from whom Potter purchased the store in 1997, was mailed a letter from the City's Office of the City Manager on 16 December 1993 notifying him of the proposed ETJ. Several public hearings were held, after which the ordinance creating the ETJ was adopted on 8 February 1994. A map depicting the ETJ boundaries is displayed in the Hamlet City Hall in the Clerk's office, and a metes and bounds description of the ETJ is attached to the ordinance which is part of the Hamlet zoning ordinance. However, prior to April, 1999, neither the ETJ map nor the written description were recorded at the Richmond County Register of Deeds Office as required by the statute.

The statutory requirement that a map and/or written description depicting the ETJ be recorded in the register of deeds office is to give property owners notice as to whether their property is within the extraterritorial zoning authority of a city. *Sellers v. City of Asheville*, 33 N.C. App. 544, 236 S.E.2d 283 (1977) (holding that the purpose of the statutory mandate in subsection (b) that boundaries be defined,

to the extent feasible, is so owners of property outside the city can easily and accurately ascertain whether their property is within the city's zoning authority). Here, the City's actions both before and after the ordinance creating the ETJ was adopted gave all persons with an interest in property affected by the ordinance sufficient notice of the ETJ's existence. Moreover, except for the City's failure to timely record the map or written description of the ETJ at the Richmond County Register of Deeds Office the City fulfilled all the requirements under G.S. § 160A-360(b). Therefore, we hold that the City substantially complied with G.S. § 160A-360(b).

Because the City substantially complied with G.S. § 160A-360(b) Potter is barred from attacking the validity of the ordinance based on procedural grounds by the Statute of Limitations provided in G.S. § 160A-364.1. G.S. § 160A-364.1 creates a Statute of Limitations, providing that any "cause of action as to the validity of any zoning ordinance . . . shall accrue upon the adoption of the ordinance . . . and shall be brought within two months . . . ." Under the statute, Potter's cause of action arose when the ordinance was enacted in 1994. Potter filed his complaint four years later in 1998, well outside the two month Statute of Limitations period set out in G.S. § 160A-364.1.

Potter argues that the Statute of Limitations should not apply to him because the City failed to file a copy of the ETJ map at the Register of Deeds Office. "There is a strong need for finality with respect to zoning matters so that landowners may use their property without fear of a challenge years after zoning has apparently been determined." *Pinehurst Area Realty, Inc. v. Village of Pinehurst*, 100 N.C. App. 77, 80-81, 394 S.E.2d 251, 253 (1990), *disc. rev. denied*, 328 N.C. 92, 402 S.E.2d 417, *cert. denied*, 501 U.S. 1251, 115 L.Ed. 2d 1055 (1991). As such, our courts have strictly applied Statutes of Limitation in zoning cases. *Id.*; *Thompson v. Town of Warsaw*, 120 N.C. App. 471, 473, 462 S.E.2d 691, 692 (1995). Therefore, the trial court properly found Potter's action barred by the Statute of Limitations.

Parenthetically we note that G.S. § 160A-366 validates city ordinances adopted since 1 January 1972 under "Chapter 160A, Article 19 . . . notwithstanding the fact that such ordinances were not recorded pursuant to G.S. 160A-360(b) . . . ."

[2] Potter next argues that the trial court erred in finding that it lacked jurisdiction over Vierling's determination that the sale of beer in the store would constitute an unlawful expansion of a nonconforming use. We are not persuaded.

POTTER v. CITY OF HAMLET

[141 N.C. App. 714 (2001)]

The statutory procedure for challenging a decision of a zoning officer is contained in G.S. § 160A-388. The statute provides, in pertinent part:

> The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part . . . .

G.S. § 160A-388(b). Any party not satisfied with the ruling of the board may in turn appeal to superior court, and the review is in the nature of certiorari review. G.S. § 160A-388(e); *Midgette v. Pate*, 94 N.C. App. 498, 502-03, 380 S.E.2d 572, 575 (1989); *Wil-Hol Corp. v. Marshall*, 71 N.C. App. 611, 613, 322 S.E.2d 655, 657 (1984). On certiorari review, the superior court is not the trier of fact. *Grandfather Village v. Worsley*, 111 N.C. App. 686, 688, 433 S.E.2d 13, 15 (1993). "The board of adjustment is the final arbiter of fact." *Id.*

Here it is uncontested that Potter failed to file an appeal with the City's Board of Adjustment contesting Vierling's determination that the sale of beer in the store would constitute an unlawful expansion of a non-conforming use. Instead, Potter filed a rezoning petition requesting that his property be rezoned from I-2 to B-3. Thus, Potter failed to avail himself of the only judicial review authorized by statute and may not otherwise collaterally attack the determination of the zoning officer. *Grandfather Village*, 111 N.C. App. at 689, 433 S.E.2d at 15; *Wil-Hol Corp.*, 71 N.C. App. at 614, 322 S.E.2d at 657. Accordingly, this assignment of error fails.

We have reviewed defendant's remaining assignments of error and find them without merit. We affirm the trial court's order of 16 July 1999.

Affirmed.

Judges WALKER and HUNTER concur.