TOWN OF LELAND, N.C., Plaintiff
v.
HWW, LLC and WESTPORT HOMEOWNERS' ASSOCIATION, INC., Defendants
No. COA08-987
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Wessell & Raney, LLP, by John C. Wessell, III, for plaintiff-appellee.
Hogue Hill Jones Nash & Lynch, LLP, by David A. Nash and Anna J. Averitt, for defendant HWW, LLC-appellant.
Marshall, Williams & Gorham, LLP, by Charles D. Meier, for defendant Westport Homeowners' Association-appellee.
CALABRIA, Judge.
HWW, LLC ("HWW" or "developer") appeals the trial court's grant of summary judgment in favor of the Town of Leland ("the Town" or "plaintiff"). We affirm in part and remand in part.
HWW is the developer of the Westport subdivision in Leland, North Carolina. Defendant Westport Homeowners' Association, Inc. ("WHOA") is the current owner of the real property which is the subject of this action.[1] On 16 December 2004, HWW submitted a land use plan to the Town Council for approval of phase 2 of the Westport subdivision. Phase 2, section 1 of the site specific plan for the Westport subdivision was approved in January or February 2005. On 15 September 2005, the Town Council approved HWW's site specific plan for phase 2 section 2. The Westport subdivision plan provided for an area of open space described as a recreation area in phase 2, section 2 of the site specific plan. Specifically, the recreation area would include a parking lot, pool, softball field, and soccer field.
In June of 2006, the Town adopted a new zoning ordinance, section 30-313, which required:
(5) Ensured recreation/open space
a. In any PUD district, a minimum of five percent of the total land area shall be reserved as open space. Any area or segment of land less than eight feet in width may not be included in calculating the minimum open space reservation unless such land is clearly a part of an open space system, such as a pedestrian walkway.
b. A minimum of 25 percent of the required open space shall be developed for active recreational purposes, such as tennis courts, ballfields or playgrounds. . . . Such recreation area shall be conveniently and centrally located to the housing units. Building areas for recreational facilities may be computed as open space.
c. Provisions for continuous maintenance of open space, specifically including that developed for active recreational purposes, shall be made by the developer either through proposed dedication to the town, if acceptable, or through the establishment of a private homeowners' association.
In February 2007, residents of the Westport subdivision complained to the Mayor of Leland that HWW left a large mound of dirt and debris approximately ten to fifteen feet in height in the recreation area. On 9 February 2007, Town Manager and Acting Code Enforcement Officer of the Town of Leland, Bill Farris ("Farris"), sent a memorandum copied to the developer stating "the condition and appearance of the knoll was less than desired." The memorandum indicates the developer discussed the knoll with Farris and agreed to improve the area so residents could access the knoll more easily, install a small foot bridge, grade the site so it is easier to climb onto the knoll, create a passive recreation area with landscaping, and install irrigation to help new plants survive. The memorandum also states "a registered land surveyor has made calculations that show the development's open space and recreation areas meet the Town's requirements without considering this area."
On 1 March 2007, Sandy Wood ("Wood"), president of Hearthside Builders & Developers, LLC and a member of HWW, LLC, sent a letter to Farris indicating defendant completed the requirements in plaintiff's 9 February 2007 memorandum except for seeding and planting trees due to inclement weather.
On 20 March 2007, Farris notified HWW that the mound of dirt in the recreation area did not meet the site specific plan and wasin violation of section 30-313 of the Town code.[2] This letter notified HWW that it must begin removal of the existing mound of dirt on the recreational site adjacent to Merestone Drive as described hereinabove and bring that area into compliance with the site specific plan approved by the Town of Leland. Action to remove this violation must begin within fourteen (14) days of the date of this letter and must be completed within seventy-four (74) days of the date of this letter.
On 25 April 2007, HWW's attorney, Bill Lynch, sent a letter to plaintiff's attorney contesting the Town's decision and its authority to require developers to construct additional facilities. Mr. Lynch stated in his letter to "please provide me with any official form for an appeal to the Board of Adjustment if this letter does not suffice."
On 4 May 2007, HWW's attorney sent another notice of appeal stating the Town had conceded that the site specific plan met all requirements in September 2005. HWW's appeal to the Leland Board of Adjustment was scheduled for hearing on 25 June 2007 and later continued until 23 July 2007. On 23 July 2007, HWW's counsel sent a letter to the Town notifying its withdrawal of its appeal along with an agreement to move the soil to make it match the natural grade of the area and allow construction of a ball field. The letter also stated "[r]emoval or relocation of earth for commencement of construction of the ball field cannot begin until an amended erosion control permit has been obtained." On the same day, plaintiff's attorney sent a letter to HWW's counsel acknowledging the developer's 23 July 2007 letter and stating, "[s]ince the developer has withdrawn its appeal from the decision of the Code Enforcement Officer, that decision now stands as the ruling in this matter." The letter also notified HWW of a thirty day deadline in order to comply with the Town's decision. If HWW did not comply by the deadline, then the Town planned to commence enforcement proceedings. In addition, the letter stated, "[t]he developer must still satisfy the Town that what it is proposing to do is consistent with the Town ordinances."
On 30 July 2007, HWW's counsel responded to plaintiff's 23 July 2007 letter, stating the developer had no other written plans for the removal or relocation of the dirt. On 13 August 2007, counsel for HWW sent a letter to plaintiff's counsel stating the developer submitted a plan to the Division of Water Quality regarding the removal of soil. After learning it would take 15 days for approval, the developer asked the Town to extend the 30 day deadline to begin work. On 28 August 2007, the developer sent a letter to Farris stating the developer received approval for modification of an erosion control permit and would begin moving dirt in September.
On 1 November 2007, plaintiff filed the complaint in the present action, seeking a court order requiring the developer to remove the dirt. Plaintiff alleged in its complaint that HWW made the following improvements to the site:
(a) Grading a portion of the previously existing mound of dirt to a level approximately the same as that of the parking lot and swimming pool;
(b) Constructing within the newly graded area a youth soccer field and youth softball field;
(c) Moving the dirt and debris from the graded area to another location within the same recreation area;
(d) Installing a fence around the newly constructed soccer field and softball field; and
(e) Placing additional fill and grassing certain portions of the remaining mound.
Plaintiff alleged the activities resulted in "no dirt or debris being removed from the site in question." On 3 January 2008, HWW filed an answer.
On 23 April 2008, plaintiff moved for summary judgment and filed an Affidavit of William Farris ("Farris Affidavit") in support of its motion. On 2 May 2008, HWW moved to amend its answer to plead laches and estoppel. The same day, plaintiff moved to amend the complaint to add Westport Homeowners Association as a defendant. On 12 May 2008, HWW responded to plaintiff's motion for summary judgment and submitted the affidavits of Sandy Wood and Gregory Buzzerd. On the same day, HWW moved to amend its answer to plead unclean hands. The trial court entered an order allowing plaintiff's amendment to the complaint to add WHOA as a party on 12 May 2008.
On 10 June 2008, the trial court granted the motion for summary judgment in plaintiff's favor and ordered HWW to bring the recreation and open space into compliance with the site specific plan by removing the dirt and debris so it would be the same grade as the parking lot, basketball court, soccer field, and softball field. On 23 June 2008, HWW moved to stay the order pending appeal. On 3 July 2008, the parties consented to amend the answer to plead unclean hands. On 7 July 2008, the parties entered a consent order staying mandatory injunctive relief pending appeal. On the same day, HWW moved for relief from judgment under Rule 60(b)(1) and (6). No hearing or ruling was held on the Rule 60(b) motion. On 9 July 2008, HWW appealed.

I. Standard of Review
The standard of review on summary judgment in the trial court is whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Oliver v. Roberts, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980); Barbour v. Little, 37 N.C. App. 686, 692, 247 S.E.2d 252, 256 (1978). "The record is to be viewed in the light most favorable to the non-movant, giving it the benefit of all inferences reasonably arising therefrom." Ausley v. Bishop, 133 N.C. App. 210, 214, 515 S.E.2d 72, 75 (1999) (citation omitted). This Court's standard of review of a trial court's ruling is de novo. Gaines v. Cumberland County Hosp. Sys., ___ N.C. App. ___, ___, 672 S.E.2d 713, 715 (2009).

II. Collateral Estoppel
HWW argues the trial court erred in granting summary judgment for plaintiff because (1) the doctrine of collateral estoppel does not apply under these circumstances and (2) plaintiff failed to notify HWW that its efforts to comply with the ordinance were not satisfactory after HWW withdrew its appeal and therefore HWW had no basis to pursue administrative remedies. We disagree.
"It is well established that when the legislature has created an effective administrative remedy, it is exclusive and the matter does not become ripe for review until the statutory remedy has been exhausted." Town of Kenansville v. Summerlin, 70 N.C. App. 601, 603-04, 320 S.E.2d 428, 430 (1984) (citing Presnell v. Pell, 298 N.C. 715, 260 S.E.2d 611 (1979)). N.C. Gen. Stat. § 160A-388(b) governs an appeal from a decision of a Town's zoning administrator and provides in pertinent part:
A zoning ordinance or those provisions of a unified development ordinance adopted pursuant to the authority granted in this Part shall provide that the board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of that ordinance. An appeal may be taken by any person aggrieved or by an officer, department, board, or bureau of the city. Appeals shall be taken within times prescribed by the board of adjustment by general rule, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal, specifying the grounds thereof.
N.C. Gen. Stat. § 160A-388(b) (2007). "The board of adjustment is an administrative body with quasi-judicial power whose function is to review and decide appeals which arise from the decisions, orders, requirements or determinations of administrative officials, such as building inspectors and zoning administrators." Midgette v. Pate, 94 N.C. App. 498, 502, 380 S.E.2d 572, 575 (1989). "Any party not satisfied by the ruling of the board may, in turn, appeal to superior court, and such appeal is in the nature of certiorari review." Grandfather Village v. Worsley, 111 N.C. App. 686, 688, 433 S.E.2d 13, 15 (1993) (citing N.C. Gen. Stat. § 160A-388(e)). In Grandfather Village, the city brought an action seeking injunctive relief against the defendant to remove signs at the Scotchman convenience store for violating the city's zoning ordinance. Id. at 687, 433 S.E.2d at 14. In a letter, the city notified defendant of the violation, the penalty, and the thirty day time period to appeal the decision to the board of adjustment. Id. at 687-88, 433 S.E.2d at 14. Defendant sent a purported letter of appeal more than thirty days from receipt of the notice. Id. at 688, 433 S.E.2d at 14. The trial court granted summary judgment in favor of the city and defendant appealed. Id. at 686, 433 S.E.2d at 14. This Court held that because defendant failed to exercise his administrative remedies by appealing the decision of the zoning administrator, "he waived any right to raise in superior court defenses he might have had" and affirmed summary judgment for the city. Id. at 689, 433 S.E.2d at 15; See also Midgette, 94 N.C. App. at 503, 380 S.E.2d at 575 (plaintiff is precluded from attacking the Town's grant of building permits to defendant by failing to first appeal to the board of zoning adjustment); Potter v. City of Hamlet, 141 N.C. App. 714, 720, 541 S.E.2d 233, 236 (2001) (party precluded from attacking zoning officer's decision where party failed to appeal decision to board of adjustment); Guilford Co. Planning & Dev. Dept. v. Simmons, 102 N.C. App. 325, 328, 401 S.E.2d 659, 661 (1991) ("Our Courts have consistently required litigants aggrieved by decisions of Boards of Adjustment to seek relief as mandated by statute.").
In the instant case, HWW was notified in the 20 March 2007 letter that "[HWW] must begin removal of the existing mound of dirt on the recreational site adjacent to Merestone Drive as described hereinabove and bring that area into compliance with the site specific plan approved by the Town of Leland." HWW chose to withdraw its appeal of the decision. We conclude the effect of withdrawing the appeal is indistinguishable from not filing an appeal at all and the developer was precluded from raising any defenses. HWW's opportunity to contest the ruling passed, and having missed this chance, HWW does not get a second bite at the apple. Beau Rivage Homeowners Ass'n v. Billy Earl, L.L.C., 163 N.C. App. 325, 328, 593 S.E.2d 120, 122 (2004) (quoting Swain v. Elfland, 145 N.C. App. 383, 389, 550 S.E.2d 530, 535 (2001)).
HWW contends plaintiff had a duty to inform the developer that relocation of the dirt was not in compliance with the ordinance. Plaintiff argues we should not consider this argument because it is being raised for the first time on appeal and was not assigned as error. HWW contends its assignment of error that summary judgment was improperly granted and its offensive use of collateral estoppel encompasses a due process argument. We disagree. It is well-established that "a party in a civil case may not raise an issue on appeal that was not raised at the trial level." Rhyne v. K-Mart Corp., 149 N.C. App. 672, 690, 562 S.E.2d 82, 95 (2002). Because defendant did not raise the due process argument in the court below, we will not review this issue. Greene v. Royster, 187 N.C. App. 71, 77, 652 S.E.2d 277, 281 (2007). Because we determine HWW was collaterally estopped from raising defenses to plaintiff's enforcement claim, we affirm summary judgment for the plaintiff.

III. Relief from Order
HWW's next argument is that the trial court's order should be vacated because it is impossible to comply with the order. The trial court's order requires HWW to bring the recreation and open space area shown in the lower left hand corner of the site specific plan for Phase 2, Section 2, Westport Subdivision, approved by the Town Council for the Town of Leland on 15 September 2005, into compliance with said site specific plan by removing the mound of dirt and debris remains on this recreation and open space area so that the topographical grade and elevation of the area where the mound of dirt and debris is currently located shall be the same as the grade and elevation of the existing parking lot, basketball court, soccer field, and softball field[.] (Emphasis added).
HWW contends the italicized portion of the order is impossible to comply with because the grade of the parking lot and the basketball court is four to five feet below the soccer and softball fields and the mound of dirt is seven to eight feet higher than the soccer field and the softball field. Plaintiff argues because the basis of this contention was raised in HWW's Rule 60(b)(6) motion, which was never ruled on, there is no final judgment to appeal from and the appellate court is "without authority to entertain the appeal." We agree that the trial court erred. Specifically, the italicized portion of the order is incorrect because the relief granted exceeds the scope of relief prayed for in the complaint and the motion.
Plaintiff's notice of violation to the defendant stated the defendant must remove "the existing mound of dirt on the recreational site adjacent to Merestone Drive as described hereinabove and bring that area into compliance with the site specific plan approved by the Town of Leland." (Emphasis added). Plaintiff's complaint requested the following relief:
A. That consistent with the provisions of N.C.G.S. § 160A-175, the Court issue an order of abatement requiring the Defendant to remove the remaining mound of dirt and debris from the area designated on the site specific plan for Phase 2, Section 2, Westport Subdivision as described hereinabove;
B. To the extent the Defendant has been cited for a violation of the Town Code consistent with the provisions of Section 30-5 of the Town Code, that the Court enter a judgment in that amount in favor of the Plaintiff;
C. That the costs of this action be taxed against the Defendant; and
D. For such other and further relief as the Court deems just and proper.
Plaintiff's requested summary judgment and the relief set forth in the complaint.
"Rule 54(c) provides that `every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.'" Holloway v. Wachovia Bank & Trust Co., N.A., 339 N.C. 338, 345, 452 S.E.2d 233, 237 (1994) (holding that a plaintiff need not specially plead punitive damages as a prerequisite to recovering them at trial so long as the complaint gave sufficient notice of the claim for punitive damages).
It is well-settled law in North Carolina that a party is entitled to the relief which the allegations in the pleadings will justify. It is not necessary that there be a prayer for relief or that the prayer for relief contain a correct statement of the relief to which the party is entitled.
East Coast Oil Co. v. Fair, 3 N.C. App. 175, 178, 164 S.E.2d 482, 485 (1968) (internal citation omitted). "It is equally well-settled, however, that the relief granted must be consistent with the claims pleaded and embraced within the issues determined at trial, which presumably the opposing party had the opportunity to challenge." N.C. Nat'l Bank v. Carter, 71 N.C. App. 118, 121-22, 322 S.E.2d 180, 183 (1984) (holding defendant's post-verdict motion for attorney's fees and treble damages was properly denied where parties did not plead or argue unfair and deceptive trade practices); compare with Nugent v. Beckham, 37 N.C. App. 557, 561-62, 246 S.E.2d 541, 545 (1978) (where complaint set forth plain statement of facts supporting claims for specific performance, abatement and accounting, no error in granting relief of abatement and accounting although not specifically prayed for in the complaint).
Based on an examination of the pleadings, ordinance and site specific plan, we conclude that the last portion of the order found in italics, conflicts with the first portion of the order. The site specific plan includes grades and elevations for all areas of the subdivision, including the parking lot, soccer field, and softball field. On the site specific plan, these elevations are not all the same. Ordering defendant to make all of these locations the same elevation is not relief "consistent with the claims pleaded and embraced within the issues determined at trial. . . ." N.C. Nat'l Bank, 71 N.C. App. at 121, 322 S.E.2d at 183. It is not even relief consistent with that requested by the pleadings and is contradictory to the site specific plan. Ordering defendant to bring the area into compliance with the site specific plan is all the plaintiff requested and all the trial court could require based upon the record before us. Compliance with the site specific plan would necessarily include bringing all areas to the grades and elevations as provided by the site specific plan. Therefore, we remand to the trial court to remove the portion of the court's order which is italicized above.
Affirmed in part, remanded in part.
Judges ELMORE and STROUD concur.
Report per Rule 30(e).
NOTES
[1] WHOA did not appeal the trial court's judgment.
[2] In addition to the 20 March 2007 letter, plaintiff included a 23 April 2007 letter from Farris to the developer stating failure to remove mound of dirt and debris and to construct recreational improvements is a violation of the ordinance. (Supplement to Record, Rule 11(c)). This letter was included as a Rule 11(c) supplement to the record on appeal. In its reply brief, HWW contends because this letter was not filed, served, submitted for consideration, admitted, and no offer of proof was tendered to the trial court for it, it should not be considered by this Court. See N.C. R. App. 11(c). HWW's failure to properly object to the 23 April 2007 letter's inclusion in the Rule 11(c) supplement to the record on appeal waives its current objection. See N.C.R. App. 11(c); Copper v. Denlinger, ___ N.C. App. ___, ___, 667 S.E.2d 470, 478 (2008) (Oct. 21, 2008) (No. COA07-205), rev. granted in part, appeal dismissed by 363 N.C. 124 (2009). However, we note that notwithstanding the 23 April 2007 letter, the 20 March 2007 letter put HWW on notice that removal of the dirt was necessary to cure the violation.